UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WALTER G. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-135 |
| | ) | (VARLAN/GUYTON) |
| AIRPORT HONDA MOTOR SALES, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge H. Bruce Guyton on April 8, 2009. [Doc. 2.] Magistrate Judge Guyton recommended that the Complaint be dismissed under 28 U.S.C. § 1915(e) because the Complaint lacks any arguable basis for recovery in federal court. Plaintiff Walter G. Carter ("Plaintiff") has filed a timely objection to Magistrate Judge Guyton's Report and Recommendation. [Doc. 4.] This matter is now ripe for the Court's consideration.

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the Complaint, Plaintiff alleges that Defendant Airport Honda Motor Sales ("Defendant") "did mistreat and abused petitioner into the purchase of one 2007 Toyota Car

that petitioner stated several times that petitioner did not want." [Doc. 3 at 2.] Plaintiff contends that he suffers from "mental illness" and alleges that Defendants "scared me into this both with numbers and trickery." [Doc. 3 at 6.] As a remedy, he seeks the return of the vehicle he traded-in and $4000. Based on these allegations, Magistrate Judge Guyton recommended that the Court dismiss this action because the Complaint lacks any arguably basis for recovery in federal court. In his objection, Plaintiff contends that "I wasn't treated like a human so therefore my civil rights were violated" and that he suffered "mental abuse." [Doc. 4 at 1, 3.]

As an initial matter, the Court notes diversity jurisdiction is lacking in this matter. For diversity jurisdiction, 28 U.S.C. § 1332 requires an action to be between "citizens of different States" and involve a controversy exceeding the sum or value of $75,000. Based on the allegations in the Complaint, both requirements are lacking in this matter. Therefore, the Court agrees with Magistrate Judge Guyton that there is no diversity jurisdiction in this case.

The Court also agrees with Magistrate Judge Guyton that federal question jurisdiction is lacking in this matter. Title 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In his objection, Plaintiff contends that he has asserted a civil rights claim. However, he fails to sufficiently allege a claim under 42 U.S.C. § 1983 because that statute is "triggered only in the presence of state action." *S.H.A.R.K. v. Metro Parks Serving Summit County*, 499 F.3d 553, 564 (6th Cir. 2007) (discussing how a private entity acting on its own cannot deprive a citizen of rights under § 1983). Because Defendant is a private entity and

2

there is no allegation that it was acting under the color of law, Plaintiff has failed to allege a civil rights claim under § 1983. Likewise, though Plaintiff mentions his "mental illness" in the Complaint, he has not stated a claim under the Americans with Disabilities Act's public accommodation provision, 42 U.S.C. § 12182(a), since he has not alleged that he was denied physical access to a place of public accommodation or that there was a barrier to him availing himself of Defendant's goods and services. *Lenox v. Healthwise of Kentucky, Ltd.*, 149 F.3d 453, 457 (6th Cir. 1998). Therefore, like Magistrate Judge Guyton, the Court finds that the allegations in the Complaint simply fail to raise a federal question. At best, Plaintiff has asserted state law claims, which he may choose to file in state court, but fall outside the Court's federal jurisdiction due to the lack of diversity in this matter.

Thus, after careful review of the matter, the Court is in agreement with Magistrate Judge Guyton's recommendations, which the Court adopts and incorporates into its ruling. The Court **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 2] and **DISMISSES** Plaintiff's Complaint [Doc. 3] under 28 U.S.C. § 1915(e) as frivolous, for failure to state a federal claim upon which relief can be granted, but **WITHOUT PREJUDICE** to Plaintiff's rights to refile here or to file claims in state court. The Court notes, however, that in its current state, the Complaint lacks any arguable basis for recovery in federal court. The clerk is **DIRECTED** to close this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE